**FILED**

2018 Jan-12  AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

🖎JS 44  (Rev. 3/99)
# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Rodney David Russell

## DEFENDANTS

Starr Indemnity & Liability Company

**(b)** County of Residence of First Listed Plaintiff   DeKalb County, Alabama
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

T. Brian Hoven
Shunnarah Injury Lawyers
3626 Clairmont Ave.
Birmingham, AL 35222

Attorneys (If Known)

E. Britton Monroe, Bryan A. Grayson, and Sarah G. Redmond
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

x 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PLF | DEF | | DEF |
|---|---|---|---|---|
| Citizen of This State | x 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4  ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5  x 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6  ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 365 Personal Injury — |   of Property 21 USC 881 |   28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
|   & Enforcement of Judgment |    Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights |   Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability   Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
|   Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** |   Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
|   (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other | |   Exchange |
| ☐ 153 Recovery of Overpayment |    Liability   ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
|   of Veteran's Benefits | x 350 Motor Vehicle   ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** |   12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract |    Product Liability   ☐ 385 Property Damage |   Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injur   Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate |   & Disclosure Act | |   Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff |   Determination Under |
| ☐ 240 Torts to Land |    Accommodations   ☐ 530 General | ☐ 790 Other Labor Litigation |   or Defendant) |   Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights   ☐ 540 Mandamus & Other |   Security Act |   26 USC 7609 |   State Statutes |
| |    ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| |    ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original
Proceeding

x 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated
or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1446 - Defendant Starr Indemnity & Liability Company is removing this civil action from the Circuit Court of DeKalb County, Alabama.

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   x Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):   JUDGE

DOCKET
NUMBER

DATE
1/11/18

SIGNATURE OF ATTORNEY OF RECORD
_Bryan Grayson_

FOR OFFICE USE ONLY

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **RODNEY DAVID RUSSELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. _____** |
| | ) | |
| **STARR INDEMNITY AND** | ) | **(Removed from the Circuit** |
| **LIABILITY INSURANCE COMPANY,** | ) | **Court of DeKalb County,** |
| | ) | **Case No. 28-CV-2017-900327)** |
| **Defendant.** | ) | |

---

**DEFENDANT STARR INDEMNITY & LIABILITY COMPANY'S
NOTICE OF REMOVAL**

---

Defendant Starr Indemnity & Liability Company ("Starr"), improperly identified in the Complaint as Starr Indemnity and Liability Insurance Company, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice it has removed this action from the Circuit Court of DeKalb County, Alabama to the United States District Court for the Northern District of Alabama, Middle Division. In compliance with 28 U.S.C. § 1446, Starr shows the Court as follows:

## I.   STARR'S REMOVAL IS TIMELY AND PROCEDURALLY PROPER.

1.   On November 30, 2017, Plaintiff Rodney David Russell ("Mr. Russell") commenced this action by filing suit in the Circuit Court of DeKalb

County, Alabama. (See Complaint, filed as Exhibit 1).

2.      Starr was served with a copy of the Summons and Complaint on December 19, 2017. (See Return on Service, filed as Exhibit 2).

3.      28 U.S.C. § 1446(b)(3) provides that "a notice of removal may be filed within 30 days" after being served with a copy of the Summons and Complaint. See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 345-46, (1999) (holding that under § 1446(b)(3) "the defendants' removal period will be no less than 30 days from service"); Marion Corp. v. Lloyds Bank, PLC, 738 F. Supp. 1377, 1379 (S.D. Ala. 1990) ("the removal period set forth in 28 U.S.C. § 1446(b) cannot commence until a defendant is served with process").

4.      Since Starr is filing its' notice of removal within 30 days from service, this notice of removal has been timely filed in compliance with 28 U.S.C. § 1446(b).

5.      Pursuant to 28 U.S.C. § 1446(a), a copy of the process, pleadings, and orders filed in the Circuit Court of DeKalb County, Alabama are being filed as Exhibit 3.

6.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed today with the Clerk for the Circuit Court of DeKalb County, Alabama and will be served upon Mr. Russell.

## II.  THIS COURT HAS DIVERSITY JURISDICTION OVER MR. RUSSELL'S CLAIMS.

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as this case satisfies the requirements for diversity jurisdiction.

### A.  Complete diversity exists between Plaintiff and Defendant.

8.      Mr. Russell is and was at the time of the commencement of this action a citizen of the State of Alabama.  (See Complaint, ¶ 1).

9.      Starr is and was at the time of the commencement of this action a corporation organized and existing under the laws of the State of Texas with its principal place of business in New York. (See National Association of Insurance Commissioner's  Records for Starr, filed as Exhibit 4).

10.     The citizenship of "Fictitious Defendants No. 1-19" is irrelevant to determining citizenship for purposes of removal. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

11.     Therefore, complete diversity of citizenship exists between the Plaintiff and Defendant in this action as Plaintiff is not a citizen of the same state as Defendant.

**B.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.**

12.     In his Complaint, Mr. Russell asserts claims for underinsured motorist benefits from Starr for injuries arising from a trucking accident caused by the negligence of an unidentified motorist. (See Complaint, ¶¶ 4-8). Starr had a policy of insurance in force insuring Mr. Russell for injuries or damages caused by an uninsured motorist. (Id. at ¶¶ 9-15).

13.     Mr. Russell alleges he has suffered numerous injuries to various portions of his body, including multiple lacerations, a right knee injury, and two fractures in his tibial plateau, causing him to experience pain and suffering. He is seeking damages for mental anguish, past and future lost wages, loss of income, loss of earning capacity, lost employment benefits, and compensatory damages for medical expenses for treatment from various doctors, physicians, and hospitals, along with future medical expenses. (Id. at ¶¶ 8 (a-j)).

14.     Though the Complaint is silent as to the exact amount in controversy, the categories of damages Mr. Russell seeks in his Complaint demonstrate the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15.     The applicable insurance policy issued by Starr provides $100,000.00 in coverage for accidents involving uninsured motorists.   (See Motor Carrier Declarations for DT Express LLC Insurance Policy, filed as Exhibit 5).

16.    Mr. Russell alleges he was permanently injured, disfigured and damaged and as a result was not only forced to give up his employment as a truck driver, but will not be able to work in the future. Mr. Russell alleges Starr is responsible for satisfying his past and future lost wages to cover the costs of his loss of employment. (Complaint, ¶ 8(e), 8(j)).

17.    In a May 2016 U.S. Bureau of Labor Statistics Occupational Employment News Release, the annual mean wage for individuals working in Alabama who were employed as tractor-trailer truck drivers was calculated to be $39,050. (May 2016 U.S. Bureau of Labor Statistics Occupational Employment News Release, p. 1, filed as Exhibit 6). Therefore, Mr. Russell has likely incurred lost wages exceeding $75,000.00 over the past two years.

18.    Moreover, Mr. Russell is only 31 years old and has a work life expectancy of 30 years.  Over the course of his work life expectancy, Mr. Russell will incur future lost wages well in excess of the $75,000.00 jurisdictional threshold.

19.    Mr. Russell alleges that as a result of this accident he has "suffered numerous injuries to various injuries to portions of his body, including, but not limited to: multiple lacerations, right knee injury, [and] two fractures in his tibial plateau" causing him to incur several personal injury medical expenses. (Complaint, ¶ 8(a), 8(g)). He further claims to have suffered and will continue to

suffer mental anguish. (<u>Id.</u> at ¶ 8(d)). He claims to be reasonably certain he will experience mental anguish in the future, along with incurring further personal injury medical expenses. (<u>Id.</u> at ¶ 8(d), 8(i)).

20.    While the exact amount of damages Mr. Russell could recover for these injuries is not apparent on the face of the Complaint, given that Mr. Russell also claims to need continued treatment for lingering effects of his injuries, his potential damages for personal injuries and emotional distress are substantial, and his medical expenses alone are likely to exceed $75,000.00.

21.    Based on the categories of damages sought in this case, the amount in controversy undoubtedly exceeds $75,000.00, exclusive of interest and costs.

WHEREFORE, Starr removes this action from the Circuit Court of DeKalb County, Alabama to this Court and requests this Court assume subject matter jurisdiction over this civil action to the exclusion of any further proceedings in state court.

DATED:  January 11, 2018

Respectfully submitted,

By: _/s **Bryan A. Grayson**_____
    E. Britton Monroe (ASB-1454-o72e)
    Bryan A. Grayson (ASB-8944-n65g)
    Sarah G. Redmond (ASB-4416-n10p)
    Attorneys for Defendant Starr Indemnity
    & Liability Company

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
bmonroe@lgwmlaw.com
bgrayson@lgwmlaw.com
sredmond@lgwmlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of January 2018 a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

T. Brian Hoven
Shunnarah Injury Lawyers
3626 Clairmont Avenue
Birmingham, AL  35222
(205) 983-8139
bhoven@asilpc.com
*Attorney for Plaintiff*

**/s *Bryan A. Grayson***
OF COUNSEL

# EXHIBIT

# "1"

ELECTRONICALLY FILED
01/30/2017 5:42 PM
28-CV-2017-900327.00
CIRCUIT COURT OF
DeKALB COUNTY, ALABAMA
PAM SIMPSON, CLERK

## IN THE CIRCUIT COURT OF DEKALB COUNTY, ALABAMA

| | | |
|---|---|---|
| **RODNEY DAVID RUSSELL,** | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: CV-2017-_____** |
| | ) | |
| **STARR INDEMNITY AND LIABILITY** | ) | |
| **INSURANCE COMPANY,** | | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, the driver of the motor vehicle which collided with plaintiff's vehicle and whose negligence caused the plaintiff's injuries on the occasion made the basis of this suit; No. 2, whether singular or plural, the owner of the motor vehicle which collided with plaintiff's vehicle on the occasion made the basis of this suit; No. 3, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with plaintiff's vehicle on the occasion made the basis of this suit; No. 4, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 5, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 7, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 8, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 9, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; No. 10, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 12, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 13, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 15, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); No. 16, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed

to cause the occurrence made the basis of this lawsuit; No. 17, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 18, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiffs aver that the identities of the fictitious party defendants are otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs at this time, their identities as proper parties defendants are not known to Plaintiffs at this time, but their true names will be substituted by amendment when ascertained; No. 19, whether singular or plural, that entity or those entities other than those entities described above, which provided workers compensation benefits to Plaintiff and/or on his behalf as a result of the incident made the basis of this Complaint],

**Defendants.**

## PLAINTIFF'S COMPLAINT

### PARTIES

1.      Plaintiff, Rodney David Russell, (hereinafter "Plaintiff") is an individual over the age of nineteen (19) years and is a resident of Dekalb County, Alabama.

2.      STARR INDEMNITY AND LIABILITY INSURANCE COMPANY is a foreign corporation doing business in the State of Alabama and issued a policy of automobile insurance issued to Plaintiff, which included Uninsured/Underinsured Motorist coverage.

3.      Fictitious Defendants, described above as numbers one (1) through nineteen (19), are those persons or entities whose names will be substituted upon learning their true identities.

### FACTUAL BACKGROUND

4.      On or about the 30th day of November 2015, Plaintiff was operating an 18-wheeler northbound on Interstate 59 in Rural Dekalb, Dekalb County, Alabama.

5.      At the same time, an unidentified motorist was operating an 18-wheeler northbound on Interstate 59 in the Rural Dekalb, Dekalb County, Alabama.

6.      At the aforementioned time, Plaintiff pulled over on the left side of the interstate due to mechanical issues with his vehicle.

7.      At the above mentioned time, when Plaintiff pulled over and was placing safety signals around his vehicle, the unidentified motorist hit Plaintiff causing injuries.

8.     As a proximate consequence of the unidentified motorist's negligence, Plaintiff was injured, harmed and damaged as follows:

    (a)     He suffered numerous injuries to various portions of his body, including, but not limited to: multiple lacerations, right knee injury, two fractures in his tibial plateau;

    (b)     He has experienced and continues to experience pain and suffering;

    (c)     He is reasonably certain to experience pain and suffering in the future;

    (d)     He has experienced and continues to experience mental anguish;

    (e)     He is reasonably certain to experience mental anguish in the future;

    (f)     He was permanently injured, disfigured and damaged;

    (g)     He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

    (h)     He was caused to incur out-of-pocket medical expenses;

    (i)     He is reasonably certain to incur personal injury medical expenses in the future;

    (j)     He was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits;

## COUNT ONE - UNDERINSURED MOTORIST BENEFITS

9.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if set fully set forth herein.

10.     At all times material hereto, Defendant, STARR INDEMNITY and LIABILITY INSURANCE COMPANY, had one policy of insurance in force insuring Plaintiff for injuries and/or damages caused by an uninsured and/or underinsured motorist (hereinafter "the Policy").

11.     The Policy insured to the benefit of Plaintiff for bodily injuries caused by an uninsured and/or underinsured motorist.

*12.*     The Policy was in full force and effect on the date of the occasion made the basis of this suit. Defendant STARR INDEMNITY and LIABILITY INSURANCE COMPANY has assigned a claim number (006484-000041-AU-01) to Plaintiff's underinsured motorist claim.

13.     Plaintiff avers that the unidentified motorist and/or fictitiously designated Defendants, qualify as "underinsured" motorist(s) as that term is defined by the Policy as well as the laws of the state of Alabama.

14.     Plaintiff avers that his injuries and damages were caused by the negligence of the underinsured motorist(s).

15.     Plaintiff contends that he is "legally entitled to recover" damages from Defendant, STARR INDEMNITY and LIABILITY INSURANCE COMPANY.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby demands judgment against Defendant STARR INDEMNITY and LIABILITY INSURANCE COMPANY, and/or fictitious defendants, in an amount as the court may determine, together with interest from the date of the injury plus the costs of this action.


Respectfully Submitted,


/s/ T. Brian Hoven_____
T. Brian Hoven (HOV003)
Attorney for Plaintiff
Rodney David Russell


**OF COUNSEL**:

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8139
Facsimile:     (205) 983-8439
Emails:         bhoven@asilpc.com


**JURY DEMAND**
Plaintiff hereby demands a trial by struck jury.

Plaintiff's Address:

Rodney David Russell
c/o T. Brian Hoven
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

## REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the *__Clerk__* direct service of the foregoing

"Summons and Complaint" by certified mail, addressed as follows:

STARR INDEMNITY & LIABILITY INSURANCE COMPANY
ATTN: MATTHEW AARON
1601 MARKET STREET, SUITE 1800
PHILADELPHIA, PA 19103 US

OF COUNSEL:


/s/ T. Brian Hoven_____
T. Brian Hoven (HOV003)
Attorney for Plaintiff

# EXHIBIT

## "2"



AlaFile E-Notice

28-CV-2017-900327.00

Judge: RANDALL L COLE

To:   HOVEN THOMAS BRIAN
      bhoven@asilpc.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

RODNEY DAVID RUSSELL V. STARR INDEMNITY & LIABILITY INSURANCE COMPANY
28-CV-2017-900327.00

The following matter was served on 12/19/2017

D001 STARR INDEMNITY & LIABILITY INSURANCE COMPANY
Corresponding To
CERTIFIED MAIL

PAM SIMPSON
CIRCUIT COURT CLERK
DeKALB COUNTY, ALABAMA
P.O. BOX 681149
FORT PAYNE, AL, 35968

256-845-8525
pam.simpson@alacourt.gov

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Starr Indemnity DO11
ATTN: matthew aaron
1601 Market St Ste 1800
Philadelphia, Pa 19103



9590 9402 2820 7069 0403 72

2. Article Number (*Transfer from service label*)

7017 0190 0000 8673 4371

PS Form **3811**, July 2015 PSN 7530-02-000-9053

## *COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (*Printed Name*)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below.   ☐ No

FILED
DEC 19 2017
CIRCUIT CLERK
DeKALB COUNTY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# EXHIBIT

## "3"

ELECTRONICALLY FILED
11/30/2017 5:42 PM
28-CV-2017-900327.00
CIRCUIT COURT OF
DeKALB COUNTY, ALABAMA
PAM SIMPSON, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>28 |
|---|---|---|

Date of Filing:   Judge Code:
11/30/2017

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA
### RODNEY DAVID RUSSELL v. STARR INDEMNITY & LIABILITY INSURANCE COMPANY

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☑ Business  ☐ Individual
              ☐ Government  ☐ Other                      ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:   F** ☑ INITIAL FILING      **A** ☐ APPEAL FROM DISTRICT COURT      **O** ☐ OTHER

        **R** ☐ REMANDED      **T** ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

_____HOV003_____   ___11/30/2017 5:42:08 PM___   ___/s/ THOMAS BRIAN HOVEN___
                   Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
01/30/2017 5:42 PM
28-CV-2017-900327.00
CIRCUIT COURT OF
DeKALB COUNTY, ALABAMA
PAM SIMPSON, CLERK

## IN THE CIRCUIT COURT OF DEKALB COUNTY, ALABAMA

| | | |
|---|---|---|
| **RODNEY DAVID RUSSELL,** | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: CV-2017-_____** |
| | ) | |
| **STARR INDEMNITY AND LIABILITY** | ) | |
| **INSURANCE COMPANY,** | | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, the driver of the motor vehicle which collided with plaintiff's vehicle and whose negligence caused the plaintiff's injuries on the occasion made the basis of this suit; No. 2, whether singular or plural, the owner of the motor vehicle which collided with plaintiff's vehicle on the occasion made the basis of this suit; No. 3, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle which collided with plaintiff's vehicle on the occasion made the basis of this suit; No. 4, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 5, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 7, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 8, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 9, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; No. 10, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 12, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 13, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 15, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); No. 16, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed

to cause the occurrence made the basis of this lawsuit; No. 17, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 18, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiffs aver that the identities of the fictitious party defendants are otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs at this time, their identities as proper parties defendants are not known to Plaintiffs at this time, but their true names will be substituted by amendment when ascertained; No. 19, whether singular or plural, that entity or those entities other than those entities described above, which provided workers compensation benefits to Plaintiff and/or on his behalf as a result of the incident made the basis of this Complaint],

**Defendants.**

## **PLAINTIFF'S COMPLAINT**

### **PARTIES**

1.      Plaintiff, Rodney David Russell, (hereinafter "Plaintiff") is an individual over the age of nineteen (19) years and is a resident of Dekalb County, Alabama.

2.      STARR INDEMNITY AND LIABILITY INSURANCE COMPANY is a foreign corporation doing business in the State of Alabama and issued a policy of automobile insurance issued to Plaintiff, which included Uninsured/Underinsured Motorist coverage.

3.      Fictitious Defendants, described above as numbers one (1) through nineteen (19), are those persons or entities whose names will be substituted upon learning their true identities.

### **FACTUAL BACKGROUND**

4.      On or about the 30th day of November 2015, Plaintiff was operating an 18-wheeler northbound on Interstate 59 in Rural Dekalb, Dekalb County, Alabama.

5.      At the same time, an unidentified motorist was operating an 18-wheeler northbound on Interstate 59 in the Rural Dekalb, Dekalb County, Alabama.

6.      At the aforementioned time, Plaintiff pulled over on the left side of the interstate due to mechanical issues with his vehicle.

7.      At the above mentioned time, when Plaintiff pulled over and was placing safety signals around his vehicle, the unidentified motorist hit Plaintiff causing injuries.

8.      As a proximate consequence of the unidentified motorist's negligence, Plaintiff was injured, harmed and damaged as follows:

  (a)    He suffered numerous injuries to various portions of his body, including, but not limited to: multiple lacerations, right knee injury, two fractures in his tibial plateau;

  (b)    He has experienced and continues to experience pain and suffering;

  (c)    He is reasonably certain to experience pain and suffering in the future;

  (d)    He has experienced and continues to experience mental anguish;

  (e)    He is reasonably certain to experience mental anguish in the future;

  (f)    He was permanently injured, disfigured and damaged;

  (g)    He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

  (h)    He was caused to incur out-of-pocket medical expenses;

  (i)    He is reasonably certain to incur personal injury medical expenses in the future;

  (j)    He was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits;

## COUNT ONE - UNDERINSURED MOTORIST BENEFITS

9.      Plaintiff re-alleges all preceding paragraphs of this Complaint as if set fully set forth herein.

10.     At all times material hereto, Defendant, STARR INDEMNITY and LIABILITY INSURANCE COMPANY, had one policy of insurance in force insuring Plaintiff for injuries and/or damages caused by an uninsured and/or underinsured motorist (hereinafter "the Policy").

11.     The Policy insured to the benefit of Plaintiff for bodily injuries caused by an uninsured and/or underinsured motorist.

12.     The Policy was in full force and effect on the date of the occasion made the basis of this suit. Defendant STARR INDEMNITY and LIABILITY INSURANCE COMPANY has assigned a claim number (006484-000041-AU-01) to Plaintiff's underinsured motorist claim.

13.     Plaintiff avers that the unidentified motorist and/or fictitiously designated Defendants, qualify as "underinsured" motorist(s) as that term is defined by the Policy as well as the laws of the state of Alabama.

14.     Plaintiff avers that his injuries and damages were caused by the negligence of the underinsured motorist(s).

15.     Plaintiff contends that he is "legally entitled to recover" damages from Defendant, STARR INDEMNITY and LIABILITY INSURANCE COMPANY.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby demands judgment against Defendant STARR INDEMNITY and LIABILITY INSURANCE COMPANY, and/or fictitious defendants, in an amount as the court may determine, together with interest from the date of the injury plus the costs of this action.

Respectfully Submitted,

/s/ T. Brian Hoven_____
T. Brian Hoven (HOV003)
Attorney for Plaintiff
Rodney David Russell

**OF COUNSEL**:

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8139
Facsimile:     (205) 983-8439
Emails:         bhoven@asilpc.com

**JURY DEMAND**
Plaintiff hereby demands a trial by struck jury.

Plaintiff's Address:

Rodney David Russell
c/o T. Brian Hoven
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

## **REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK**

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the ***Clerk*** direct service of the foregoing

"Summons and Complaint" by certified mail, addressed as follows:

STARR INDEMNITY & LIABILITY INSURANCE COMPANY
ATTN: MATTHEW AARON
1601 MARKET STREET, SUITE 1800
PHILADELPHIA, PA 19103 US

OF COUNSEL:

/s/ T. Brian Hoven_____
T. Brian Hoven (HOV003)
Attorney for Plaintiff

ELECTRONICALLY FILED
1/30/2017 5:42 PM
28-CV-2017-900327.00
CIRCUIT COURT OF
DeKALB COUNTY, ALABAMA
PAM SIMPSON, CLERK

## IN THE CIRCUIT COURT OF DEKALB COUNTY, ALABAMA

| | | |
|---|---|---|
| **RODNEY DAVID RUSSELL,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** _____ |
| | ) | |
| **STARR INDEMNITY AND LIABILITY** | ) | |
| **INSURANCE COMPANY, an individual,** | ) | |
| **et. al.,** | ) | |
| | ) | |
| **Defendants.** | | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT

COMES NOW the Plaintiff, RODNEY DAVID RUSSELL, and hereby serves the following First Interrogatories and Requests for Production to Defendant, STARR INDEMNITY AND LIABILITY INSURANCE COMPANY (hereinafter referred to as "Starr Insurance"), to be answered in accordance with the *Alabama Rules of Civil Procedure*:

## DEFINITIONS

The following words, when used in these Interrogatories and Requests for Production, unless otherwise indicated, shall mean:

A.    The terms "You" and "Your" refer to Defendant, Starr Insurance, and to its present or former agents, attorneys, representatives and other persons who have acted or purported to act on its behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B.    "Plaintiff" shall refer to Rodney David Russell, and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on their behalf pursuant to contract or otherwise in any of the materials covered by these interrogatories and requests for production, whether or not it is

contended that such entity or person had authority to act on behalf thereof.

C.   "Defendant" shall refer to Starr Insurance and their present or former agents, attorneys, representatives and other persons who have acted or purported to act on their behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

D.   The term "incident" refers to the motor vehicle incident that is the basis of Plaintiff's Complaint;

E.   "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

F.   The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

G.   "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

H.   "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

I.      "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

J.      "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

K.     "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

L.      "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

M.    ***PRIVILEGE LOG***: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)  identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## **INTERROGATORIES**

1.     Please identify the person that is answering these interrogatories.

2.     Have you (Starr Insurance) been properly named in Plaintiff's Complaint?  If not, please set forth your proper designation.

3.     Please identify your corporate representative.

4.     Please identify the date that you received notice of Plaintiff's claim for uninsured/underinsured/underinsured motorist benefits.

5.     Please identify the total, "stacked" amount of uninsured/underinsured/underinsured motorist coverage available to Plaintiff.

6.      Please identify all policies of insurance that provide uninsured/underinsured/underinsured motorist coverage to Plaintiff, including the policy limits, number and period of each such policy.

7.      Please identify the total amount of medical payments coverage available to Plaintiff.

8.      If medical payments have been made on behalf of Plaintiff, please identify:

    a.      The amount;
    b.      To whom payment was directed;
    c.      When payment was made;
    d.      Identify who requested payment.

9.      Please identify any and all coverage defenses claimed by you.

10.     If you deny that the applicable policy was in full force and effect on the date of the incident, please state the basis of your denial.

11.     If you deny that Plaintiff is legally entitled to recover from the Defendant, please state the basis of your denial.

12.     Please identify all other claims, of any kind, that Plaintiff has made during the entire time that she has been insured by you.

## REQUESTS FOR PRODUCTION

***Please produce true and correct copies of the following***:

1.      All non-privileged portions of the claim file pertaining to the incident.

2.      All claim files pertaining to *other* claims that Plaintiff has made during the entire time that she has been insured by you (*note: this request does *not* seek information pertaining to the subject claim).

3.      All activity log notes pertaining to *other* claims that Plaintiff has made during the entire time that she has been insured by you (*note: this request does *not* seek information pertaining to the subject claim).

4.      All written communications to Plaintiff relating to the incident.

5.      Surveillance video of the Plaintiff.

6.      Photographs of the incident scene and/or roadway.

7.      Photographs of the uninsured/underinsured motorist's vehicle.

8.      Photographs of all other vehicles involved in the incident.

9.      Photographs of the Plaintiff.

10.     All repair estimates pertaining to the vehicle being operated by Plaintiff at the time of the incident.

11.     All repair invoices showing actual cost of repairs to the vehicle being operated by Plaintiff at the time of the incident.

12.     All repair estimates pertaining to the vehicle being operated by the uninsured/underinsured motorist at the time of the incident.

13.     All repair invoices showing actual cost of repairs to the vehicle being operated by the uninsured/underinsured motorists at the time of the incident.

14.     Statements obtained from the Plaintiff.

15.     Statements obtained from the uninsured/underinsured motorist.

16.     Statements obtained from any and all witnesses.

17.     All policies of insurance which will, or may, provide underinsured motorist coverage to Plaintiff in connection with the incident.

18.     All declarations pages certifying the policy limits of all policies of insurance which will, or may, provide underinsured motorist coverage to Plaintiff in connection with the incident.

19.     All applications for insurance signed by Plaintiff.

20.     All reservation of rights letters to Plaintiff relating to the incident.

21.     All denial letters to Plaintiff relating to the incident.

22.     All materials received pursuant to subpoena.

23.     All of the Plaintiff's medical records obtained pursuant to medical authorization, subpoena or otherwise.

24.     All of the Plaintiff's medical records reflecting treatment that occurred before the incident.

25.     All expert reports prepared in connection with this case.

26.     Entire file of all experts that you intend to call to testify at the trial of this case.

27.     Current *curriculum vitae* of all experts that you intend to call to testify at the trial of this case.

28.     A list of each case in which your expert has rendered an opinion or given sworn testimony in the past ten (10) years.

29.     All evidence that you intend to use at trial.

30.     All demonstrative aids that you intend to use at trial.

31.     All PowerPoint or other similar computer-generated presentations that you intend to use at trial.

32.     All digital animations that you intend to use at trial.

Respectfully Submitted,


**/s/ T. Brian Hoven**
T. Brian Hoven (HOV003)
Attorney for Plaintiff
Rodney D. Russell



**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:        (205) 983-8139
Facsimile:    (205) 983-8439
Email:        bhoven@asilpc.com

**TO BE SERVED TO DEFENDANT ALONG WITH THE COMPLAINT AS FOLLOWS:**


STARR INDEMNITY & LIABILITY INSURANCE COMPANY

ATTN: MATTHEW AARON
1601 MARKET STREET, SUITE 1800
PHILADELPHIA, PA 19103 US



AlaFile E-Notice

28-CV-2017-900327.00

To:   THOMAS BRIAN HOVEN
      bhoven@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

RODNEY DAVID RUSSELL V. STARR INDEMNITY & LIABILITY INSURANCE COMPANY
28-CV-2017-900327.00

The following complaint was FILED on 11/30/2017 5:42:31 PM

Notice Date:     11/30/2017 5:42:31 PM

PAM SIMPSON
CIRCUIT COURT CLERK
DeKALB COUNTY, ALABAMA
P.O. BOX 681149
FORT PAYNE, AL, 35968

256-845-8525
pam.simpson@alacourt.gov



AlaFile E-Notice

28-CV-2017-900327.00

To:  STARR INDEMNITY & LIABILITY INSURANCE COMPANY
ATTN: MATTHEW AARON
1601 MARKET ST, STE 1800
PHILADELPHIA, PA, 19103

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

RODNEY DAVID RUSSELL V. STARR INDEMNITY & LIABILITY INSURANCE COMPANY
28-CV-2017-900327.00

The following complaint was FILED on 11/30/2017 5:42:31 PM

Notice Date:      11/30/2017 5:42:31 PM

PAM SIMPSON
CIRCUIT COURT CLERK
DeKALB COUNTY, ALABAMA
P.O. BOX 681149
FORT PAYNE, AL, 35968

256-845-8525
pam.simpson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>28-CV-2017-900327.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA
### RODNEY DAVID RUSSELL V. STARR INDEMNITY & LIABILITY INSURANCE COMPANY

**NOTICE TO:** STARR INDEMNITY & LIABILITY INSURANCE COMPANY, ATTN: MATTHEW AARON 1601 MARKET ST, STE 1800, PHILADELPHIA, PA 19103

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), THOMAS BRIAN HOVEN ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Avenue S, BIRMINGHAM, AL 35222 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of RODNEY DAVID RUSSELL

pursuant to the Alabama Rules of the Civil Procedure. *(Name(s))*

| 11/30/2017 5:42:31 PM | /s/ PAM SIMPSON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.         /s/ THOMAS BRIAN HOVEN

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

cv 17 900 327

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Titan Indemnity IW
Mr. Matthew Dolan
601 Market St Ste 1800
Philadelphia, Pa 19103

9590 9402 2820 7069 0403 72

2. Article Number (Transfer from service label)

7017 0190 0000 8673 4371

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

FILED
DEC 19 2017
CIRCUIT CLERK
DeKALB COUNTY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



**AlaFile E-Notice**

28-CV-2017-900327.00

Judge: RANDALL L COLE

To:   HOVEN THOMAS BRIAN
      bhoven@asilpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

RODNEY DAVID RUSSELL V. STARR INDEMNITY & LIABILITY INSURANCE COMPANY
28-CV-2017-900327.00

The following matter was served on 12/19/2017

D001 STARR INDEMNITY & LIABILITY INSURANCE COMPANY
Corresponding To
CERTIFIED MAIL

PAM SIMPSON
CIRCUIT COURT CLERK
DeKALB COUNTY, ALABAMA
P.O. BOX 681149
FORT PAYNE, AL, 35968

256-845-8525
pam.simpson@alacourt.gov

# EXHIBIT

## "4"

# Jurisdiction: Alabama

## Demographics

**Company Name:** STARR INDEMNITY & LIABILITY COMPANY

**Short Name:**

**SBS Company Number:** 74245771

**NAIC CoCode:** 38318

**FEIN:** 75-1670124

**Domicile Type:** Foreign

**State of Domicile:** Texas

**Country of Domicile:** United States

**NAIC Group Number:** 4670 - Starr Grp

**Organization Type:** NOT APPLICABLE

**Date of Incorporation:** 04/15/1919

**Merger Flag:** No

## DBA Name

No results found.

## Address

**Business Address**
399 Park Ave
8th Floor
New York, NY 10022
United States

**Mailing Address**
399 Park Ave
8th Floor
New York, NY 10022
United States

**Statutory Home Office Address**
8401 North Central Expressway
Suite 890
Dallas, TX 75225
United States

**Main Administrative Office Address**
399 Park Ave
8th Floor
New York, NY 10022
United States

## Phone, E-mail, Website

**Phone**

| Type | Number |
|---|---|
| Business Primary Phone | (866) 519-2522 |
| Business Fax Phone | (646) 227-6400 |
| Main Admin Office Primary Phone | (866) 519-2522 |
| Main Admin Office Fax Phone | (646) 227-6400 |

**Email**
No results found.

**Website**
No results found.

## Company Type

**Company Type:** Property & Casualty

**Status:** Active

**Status Reason:**

**Status Date:** 07/24/2009

**Effective Date:** 07/24/2009

**Legacy State ID:** 219397

**File Date:**

**Issue Date:** 07/24/2009

**Approval Date:**

**COA Number:**

**Articles of Incorporation Received:** No

**Article No:**

© 2017 National Association of Insurance Commissioners. All rights reserved.



| Licensee Name | License Number | NPN | License Type | Line of Authority | Appointment Date | Effective Date | Expiration Date |
|---|---|---|---|---|---|---|---|
| STARR AVIATION AGENCY INC | 263062 | 953674 | Managing General Agent | Property | 08/26/2010 | 01/09/2018 | 12/31/2018 |
| STARR AVIATION AGENCY INC | 263062 | 953674 | Managing General Agent | Casualty | 08/26/2010 | 01/09/2018 | 12/31/2018 |
| MICHAEL DENNIS | 47970 | 1977545 | Insurance Producer | Accident & Health or Sickness | 03/08/2012 | 01/09/2018 | 12/31/2018 |
| JAMES SHERER | 238733 | 8460051 | Insurance Producer | Accident & Health or Sickness | 06/08/2010 | 01/09/2018 | 12/31/2018 |
| RICHARD NANCE | 246449 | 2646455 | Insurance Producer | Accident & Health or Sickness | 05/22/2017 | 05/22/2017 | 12/31/2017 |
| R MORRIS | 171597 | 5856774 | Insurance Producer | Accident & Health or Sickness | 07/24/2017 | 07/24/2017 | 12/31/2017 |
| BENJAMIN BARSON | 260977 | 8416178 | Insurance Producer | Accident & Health or Sickness | 06/27/2011 | 01/09/2018 | 12/31/2018 |
| ROBERT BLAND | 23246 | 235246 | Insurance Producer | Accident & Health or Sickness | 01/27/2012 | 01/09/2018 | 12/31/2018 |
| KENNETH SCHULTEIS | 23279 | 247808 | Insurance Producer | Accident & Health or Sickness | 01/20/2012 | 01/09/2018 | 12/31/2018 |
| SCOTT DITRAPANI | 307234 | 5118116 | Insurance Producer | Accident & Health or Sickness | 06/23/2010 | 01/09/2018 | 12/31/2018 |

First  Previous  **1**  2  3  Next  Last



## Line Of Business

| Line of Business | Citation Type | Effective Date |
|---|---|---|
| 12: Disability Only | Default Section Code Alabama | 07/24/2009 |
| 02: Property | Default Section Code Alabama | 07/24/2009 |
| 04: Misc. Casualty, Surety Incl. Official Surety Bonds, Marine | Default Section Code Alabama | 07/24/2009 |

First  Previous  **1**  Next  Last

## Contact



| Contact Type | Preferred Name | Name | E-mail | Phone | Address |
|---|---|---|---|---|---|

© 2017 National Association of Insurance Commissioners. All rights reserved.

| Contact Type | Preferred Name | Name | E-mail | Phone | Address |
|---|---|---|---|---|---|
| President | | CHARLES DANGELO | | **Business Primary Phone:** (866) 519-2522  **Fax Phone:** (646) 227-6400 | **Business Address** 399 Park Ave 8th Floor New York, NY 10022 United States |
| Agent for Service of Process | | CT CORPORATION SYSTEM | | | **Business Address** 2 North Jackson Street Suite 605 Montgomery, AL 36104 United States |

| First | Previous | 1 | Next | Last |

## Company Merger

No results found.

## Name Change History

🔍 | Filt

| Previous Name | New Name | Effective Date |
|---|---|---|
| | STARR INDEMNITY & LIABILITY COMPANY | |

| First | Previous | 1 | Next | Last |

© 2017 National Association of Insurance Commissioners. All rights reserved.

# EXHIBIT

## "5"

POLICY NUMBER: 1000072595

COMMERCIAL AUTO
CA DS 21 10 13

# MOTOR CARRIER DECLARATIONS

ITEM ONE

| | |
|---|---|
| Company Name: | Starr Indemnity & Liability Company |
| Producer Name: | J SMITH LANIER & CO OF ALBANY |
| Named Insured: | DT Express LLC dba Davenport Transporration |
| Mailing Address: | 1224 Pat Haralson Memorial Drive<br>Blairsville, GA 30512 |

| Policy Period | |
|---|---|
| From: 11/05/2015 | |
| To: 11/05/2016 | At 12:01 A.M. Standard Time at your mailing address. |
| Previous Policy Number: | |

Form Of Business:
☑ Corporation      ☐ Limited Liability Company      ☐ Individual
☐ Partnership      ☐ Other:

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

Premium shown is payable at inception:      $   REDACTED

Total:      $   REDACTED

Audit Period (If Applicable):      ☑ Annually      ☐ Semi-Annually      ☐ Quarterly      ☐ Monthly

| Endorsements | |
|---|---|
| MOTOR CARRIER DECLARATIONS | CA DS 21 10 13 |
| COMMON POLICY CONDITIONS | IL 00 17 11 98 |
| NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT (BROAD FORM) | IL 00 21 09 08 |
| GEORGIA CHANGES - CANCELLATION AND NONRENEWAL | IL 02 62 09 08 |
| COMPOSITE RATING PLAN PREMIUM ENDORSEMENT | SICA 1037 (04/14) |
| MOTOR CARRIER COVERAGE FORM | CA 00 20 10 13 |
| GEORGIA CHANGES | CA 01 09 10 13 |
| DRIVER EXCLUSION | SICA 1023 (04/12) |
| EXPLOSIVES | CA 23 01 12 93 |
| ADDITIONAL INSURED - WHERE REQUIRED UNDER CONTRACT OR AGREEMENT (ADDITIONAL INSURED SCHEDULE) | SICA 1036 (04/14) |
| SILICA OR SILICA-RELATED DUST EXCLUSION FOR COVERED AUTOS EXPOSURE | CA 23 94 10 13 |
| U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC") NOTICE TO POLICYHOLDERS | IL P 001 01 04 |
| FRAUD STATEMENT | IL N 001 09 03 |
| FEDERAL MOTOR CARRIER FILING ENDORSEMENT | MCS-90 |
| POLLUTION LIABILITY - BROADENED COVERAGE FOR COVERED AUTOS - BUSINESS AUTO AND MOTOR CARRIER COVERAGE FORMS | CA 99 48 10 13 |
| ALABAMA FRAUD STATEMENT | IL N 013 02 13 |

© Insurance Services Office, Inc., 2011

D:\PrintImageBundler\Temp\841603\Originals\DT EXPRESS LLC 1.PDF

| | |
|---|---|
| ALABAMA UNINSURED MOTORISTS COVERAGE | CA 21 59 10 13 |
| NORTH CAROLINA CHANGES | CA 01 26 10 13 |
| NORTH CAROLINA UNINSURED MOTORISTS COVERAGE | CA 21 16 10 13 |
| SOUTH CAROLINA CHANGES | CA 01 50 12 13 |
| SOUTH CAROLINA UNINSURED MOTORISTS COVERAGE | CA 21 19 12 13 |
| SOUTH CAROLINA UNDERINSURED MOTORISTS COVERAGE | CA 21 88 12 13 |
| TENNESSEE CHANGES | CA 01 46 10 13 |
| TENNESSEE UNINSURED MOTORISTS COVERAGE | CA 21 20 10 13 |
| TENNESSEE FRAUD STATEMENT | IL N 098 09 03 |

| Countersignature Of Authorized Representative | |
|---|---|
| Name: | Jim Vendetti |
| Title: | Senior Vice President & Chief Underwriting Officer |
| Signature: | |
| Date: | 11/05/2015 |

Note

Officers' facsimile signatures may be inserted here, on the policy cover or elsewhere at the company's option.

© Insurance Services Office, Inc., 2011

CA DS 21 10 13

D:\PrintImageBundler\Temp\8 GDSOriginalSDTEXPOOS8.LKOTF

ITEM TWO

Schedule Of Coverages And Covered Autos

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos".  "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Motor Carrier Coverage Form next to the name of the coverage.

| Coverages | Covered Autos | Limit | Premium |
|---|---|---|---|
| Covered Autos Liability | | $ 2,000,000 | $ INCLUDED |
| Personal Injury Protection (Or Equivalent No-Fault Coverage) | | Separately Stated In Each Personal Injury Protection Endorsement Minus<br><br>$                                            Deductible. | $ |
| Added Personal Injury Protection (Or Equivalent Added No-Fault Coverage) | | Separately Stated In Each Added Personal Injury Protection Endorsement. | $ |
| Property Protection Insurance (Michigan Only) | | Separately Stated In The Property Protection Insurance Endorsement Minus<br><br>$                                            Deductible.<br>For Each Accident. | $ |
| Auto Medical Payments | | $ | $ |
| Medical Expense And Income Loss Benefits (Virginia  Only) | | Separately Stated In The Medical Expense And Income Loss Benefits Endorsement | $ |
| Uninsured Motorists | | $ 100,000 | $ INCLUDED |
| Underinsured Motorists (When Not Included In Uninsured Motorists Coverage) | | $ | $ |

CA DS 21 10 13                          © Insurance Services Office, Inc., 2011                          Page 3 of 14

ITEM TWO
Schedule Of Coverages And Covered Autos (Cont'd)

| | | | |
|---|---|---|---|
| Trailer Interchange Comprehensive Coverage | | Least Of Actual Cash Value, Cost Of Repair, Or $ Limit Of Insurance | $ |
| | | $ Deductible For Each Covered Trailer | |
| Trailer Interchange Specified Cause Of Loss Coverage | | Least Of Actual Cash Value, Cost Of Repair, Or $ Limit Of Insurance | $ |
| | | $ Deductible For Each Covered Trailer | |
| Trailer Interchange Collision Coverage | | Least Of Actual Cash Value, Cost Of Repair, Or $ Limit Of Insurance | $ |
| | | $ Deductible For Each Covered Trailer | |
| Physical Damage Comprehensive Coverage | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus | $ |
| | | $ Deductible For Each Covered Auto, But No Deductible Applies To Loss Caused By Fire Or Lightning. | |
| | | See Item Four for Hired or Borrowed Autos. | |
| Physical Damage Specified Cause Of Loss Coverage | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus | $ |
| | | $ Deductible For Each Covered Auto For Loss Caused By Mischief Or Vandalism. | |
| | | See Item Four for Hired or Borrowed Autos. | |
| Physical Damage Collision Coverage | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus | $ |
| | | $ Deductible For Each Covered Auto. | |
| | | See Item Four for Hired or Borrowed Autos. | |
| Physical Damage Towing And Labor | | $ For Each Disablement Of A Private Passenger Auto. | $ |
| | | Premium For Endorsements | $ |
| | | Estimated Total Premium | $ INCLUDED |
| *This Policy May Be Subject To Final Audit. | | | |

© Insurance Services Office, Inc., 2011

D:\PrintImageBundler\Temp\811603\Originals\DT EXPRESS LLC T.PDF

ITEM THREE

Schedule Of Covered Autos You Own

| Covered Auto Number: |
|---|

| Town And State Where The Covered Auto Will Be Principally Garaged: |
|---|

| Covered Auto Description | | |
|---|---|---|
| Year: | Model: | Trade Name: |
| Body Type: | | Serial Number (S): |
| Vehicle Identification Number (VIN): | | |

| Classification | | | | | | |
|---|---|---|---|---|---|---|
| Original Cost New | Radius Of Operation | Business Use s=service r=retail c=commercial | Size GVW, GCW Or Vehicle Seating Capacity | Age Group | Secondary Rating Classification | Code |
| | | | | | | |

Except For Towing, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below According To Their Interests In The Auto At The Time Of The Loss:

Schedule Of Covered Autos You Own (Cont'd)

| Coverages – Premiums, Limits And Deductibles | | |
|---|---|---|
| (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding Item Two column applies instead.) | | |
| **Coverages** | **Limit** | **Premium** |
| Covered Autos Liability | $ 2,000,000 | $ INCLUDED |
| Personal Injury Protection | Stated In Each Personal Injury Protection Endorsement Minus <br> $                         Deductible | $ |
| Added Personal Injury Protection | Stated In Each Added Personal Injury Protection Endorsement | $ |
| Property Protection Insurance (Michigan Only) | Stated In The Property Protection Insurance Endorsement Minus <br> $                         Deductible | $ |
| Auto Medical Payments | $ | $ |
| Medical Expense And Income Loss Benefits (Virginia Only) | Stated In Each Medical Expense And In-come Loss Benefits Endorsement For Each Person | $ |
| Comprehensive | Stated In Item Two Minus <br> $                         Deductible | $ |
| Specified Causes Of Loss | Stated In Item Two Minus <br> $                         Deductible | $ |
| Collision | Stated In Item Two Minus <br> $                         Deductible | $ |
| Towing and Labor | $                         Per Disablement | $ |

| Total Premiums | |
|---|---|
| Covered Autos Liability | $   INCLUDED |
| Personal Injury Protection | $ |
| Added Personal Injury Protection | $ |
| Property Protection Insurance (Michigan Only) | $ |
| Auto Medical Payments | $ |
| Medical Expense And Income Loss Benefits (Virginia Only) | $ |
| Comprehensive | $ |
| Specified Causes Of Loss | $ |
| Collision | $ |
| Towing And Labor | $ |

© Insurance Services Office, Inc., 2011

CA DS 21 10 13

D:\PrintImageBundler\Temp\8768\Originals\DT EXPRESS LLC 1.PDF

**ITEM FOUR**

Schedule Of Hired Or Borrowed Covered Auto Coverage And Premiums

| Covered Autos Liability Coverage – Cost Of Hire Rating Basis For Autos Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment) | | |
|---|---|---|
| Covered Autos Liability Coverage | Estimated Annual Cost Of Hire For All States | Premium |
| Primary Coverage | $ IF ANY | $ INCLUDED |
| Excess Coverage | $ | $ |
| Total Hired Auto Premium | $ INCLUDED | |

For "autos" used in your motor carrier operations, cost of hire means:
1. The total dollar amount of costs you incurred for the hire of automobiles (includes "trailers" and semitrailers), and if not included therein,
2. The total remunerations of all operators and drivers' helpers, of hired automobiles whether hired with a driver by lessor or an "employee" of the lessee, or any other third party, and
3. The total dollar amount of any other costs (i.e., repair, maintenance, fuel, etc.) directly associated with operating the hired automobiles whether such costs are absorbed by the "insured", paid to the lessor or owner, or paid to others.

| Covered Autos Liability Coverage – Cost Of Hire Rating Basis For Autos NOT Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment) | | | |
|---|---|---|---|
| Covered Autos Liability Coverage | State | Estimated Annual Cost Of Hire For All States | Premium |
| Primary Coverage | | $ | $ |
| Excess Coverage | | $ | $ |
| Total Hired Auto Premium | | | $ |

For "autos" NOT used in your motor carrier operations, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for services performed by motor carriers of property or passengers.

CA DS 21 10 13                    © Insurance Services Office, Inc., 2011                    Page 7 of 14

D:\PrintImageBundler\Temp\64008\Originals\PCVEXPRESSLIST.PDF

## ITEM FOUR

Schedule Of Hired Or Borrowed Covered Auto Coverage And Premiums (Cont'd)

| Physical Damage Coverages – Cost of Hire Rating Basis For All Autos (Other Than Mobile Or Farm Equipment) | | | | |
|---|---|---|---|---|
| Coverages | State | Limit Of Insurance | Estimated Annual Cost Of Hire For Each State (Excluding Autos Hired With A Driver) | Premium |
| Comprehensive | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $ 100      Deductible For Each Covered Auto, But No Deductible Applies To Loss Caused By Fire Or Lightning. | $ | $ |
| Specified Causes Of Loss | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $      Deductible For Each Covered Auto For Loss Caused By Mischief Or Vandalism | $ | $ |
| Collision | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $ 1,000      Deductible For Each Covered Auto | $ | $ |
| | | | Total Hired Auto Premium | $ |

For Physical Damage Coverages, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for any "auto" that is leased, hired, rented or borrowed with a driver.

© Insurance Services Office, Inc., 2011

CA DS 21 10 13

D:\PrintImageBundler\Temp\81689\Originals\DT EXPRESS LLC 1.PDF

## ITEM FOUR

### Schedule Of Hired Or Borrowed Covered Auto Coverage And Premiums (Cont'd)

| Cost Of Hire Rating Basis For Mobile Or Farm Equipment – Other Than Physical Damage Coverages | | | | | |
|---|---|---|---|---|---|
| Coverages | State | Estimated Annual Cost Of Hire For Each State | | Premium | |
| | | Mobile Equipment | Farm Equipment | Mobile Equipment | Farm Equipment |
| Covered Autos Liability – Primary Coverage | | $ | $ | $ | $ |
| Covered Autos Liability – Excess Coverage | | $ | $ | $ | $ |
| Personal Injury Protection | | $ | $ | $ | $ |
| Medical Expense Benefits (Virginia Only) | | $ | $ | $ | $ |
| Income Loss Benefits (Virginia Only) | | $ | $ | $ | $ |
| Auto Medical Payments | | $ | $ | $ | $ |
| | | | Total Hired Auto Premiums | $ | $ |

Cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for services performed by motor carriers of property or passengers.

CA DS 21 10 13 © Insurance Services Office, Inc., 2011 Page 9 of 14

**ITEM FOUR**

Schedule Of Hired Or Borrowed Covered Auto Coverage And Premiums (Cont'd)

| Cost Of Hire Rating Basis For Mobile Or Farm Equipment – Physical Damage Coverages | | | | | | |
|---|---|---|---|---|---|---|
| | | | Estimated Annual Cost Of Hire For Each State (Excluding Autos Hired With A Driver) Premiu | | Premium | |
| Coverages | State | Limit Of Insurance | Mobile Equipment | Farm Equipment | Mobile Equipment | Farm Equipment |
| Compre-hensive | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $ 100 Deductible For Each Covered Auto, But No Deductible Applies To Loss Caused By Fire Or Lightning. | $ | $ | $ | $ |
| Specified Causes Of Loss | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $ 100 Deductible For Each Covered Auto For Loss Caused By Mischief Or Vandalism | $ | $ | $ | $ |
| Collision | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $ 100 Deductible For Each Covered Auto | $ | $ | $ | $ |
| | | | Total Hired Auto Premiums | | $ | $ |

For Physical Damage Coverages, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for any "auto" that is leased, hired, rented or borrowed with a driver.

D:\PrintImageBundler\Temp\8110s8Originals\DT EXPRESS LLC 1..PDF

## ITEM FOUR
### Schedule Of Hired Or Borrowed Covered Auto Coverage And Premiums (Cont'd)

| Rental Period Rating Basis For Mobile Or Farm Equipment | | | | | |
|---|---|---|---|---|---|
| | | Estimated Number Of Days Equipment Will Be Rented | | Premium | |
| Coverages | Town and State Where The Job Site Is Located | Mobile Equipment | Farm Equipment | Mobile Equipment | Farm Equipment |
| Covered Autos Liability | | | | $ | $ |
| Personal Injury Protection | | | | $ | $ |
| Medical Expense Benefits (Virginia Only) | | | | $ | $ |
| Income Loss Benefits (Virginia Only) | | | | $ | $ |
| Auto Medical Payments | | | | $ | $ |
| | | | Total Hired Auto Premiums | $ | $ |

## ITEM FIVE
### Schedule For Non-ownership Covered Autos Liability

| Rating Basis | Number | Premium |
|---|---|---|
| Number Of Employees | 350. | $ INCLUDED |
| Number Of Partners (Active And Inactive) | 0 | $ |
| Total Non-ownership Covered Autos Liability Premium | | $ INCLUDED |

## ITEM SIX
### Trailer Interchange Coverage

| Coverages | Limit Of Insurance | Estimated Premium |
|---|---|---|
| Comprehensive | Stated In Item Two | $ |
| Specified Causes Of Loss | | $ |
| Collision | | $ |
| Total Trailer Interchange Premium | | $ |

CA DS 21 10 13                    © Insurance Services Office, Inc., 2011                    Page 11 of 14

D:\PrintImageBundler\Temp\b7ef28bd\Originals\DT EXPRESS LLC 1.PDF

**ITEM SEVEN**

Schedule For Gross Receipts Or Mileage Basis

| Address Of Business Headquarters Location: | |
|---|---|
| Type Of Risk   (Check one):   ☐ Motor Carriers        ☐ Public Autos        ☐ Leasing Or Rental Concerns | |
| Rating Basis   (Check one):   ☐ Gross Receipts (Per $100)                        ☐ Mileage (Per Mile) | |
| Estimated Yearly (Gross Receipts Or Mileage): | |
| Premiums | |
| Covered Autos Liability | $ |
| Personal Injury Protection | $ |
| Added Personal Injury Protection | $ |
| Property Protection Insurance (Michigan Only) | $ |
| Auto Medical Payments | $ |
| Medical Expense And Income Loss Benefits (Virginia Only) | $ |
| Comprehensive | $ |
| Specified Causes Of Loss | $ |
| Collision | $ |
| Towing And Labor | $ |

| Address Of Business Headquarters Location: | |
|---|---|
| Type Of Risk   (Check one):   ☐ Motor Carriers        ☐ Public Autos        ☐ Leasing Or Rental Concerns | |
| Rating Basis   (Check one):   ☐ Gross Receipts (Per $100)                        ☐ Mileage (Per Mile) | |
| Estimated Yearly (Gross Receipts Or Mileage): | |
| Premiums | |
| Covered Autos Liability | $ |
| Personal Injury Protection | $ |
| Added Personal Injury Protection | $ |
| Property Protection Insurance (Michigan Only) | $ |
| Auto Medical Payments | $ |
| Medical Expense And Income Loss Benefits (Virginia Only) | $ |
| Comprehensive | $ |
| Specified Causes Of Loss | $ |
| Collision | $ |
| Towing And Labor | $ |

Schedule For Gross Receipts Or Mileage Basis (Cont'd)

| Address Of Business Headquarters Location: | |
|---|---|
| **Type Of Risk** (Check one): ☐ Motor Carriers ☐ Public Autos ☐ Leasing Or Rental Concerns | |
| **Rating Basis** (Check one): ☐ Gross Receipts (Per $100) ☐ Mileage (Per Mile) | |
| Estimated Yearly (Gross Receipts Or Mileage): | |
| Premiums | |
| Covered Autos Liability | $ |
| Personal Injury Protection | $ |
| Added Personal Injury Protection | $ |
| Property Protection Insurance (Michigan Only) | $ |
| Auto Medical Payments | $ |
| Medical Expense And Income Loss Benefits (Virginia Only) | $ |
| Comprehensive | $ |
| Specified Causes Of Loss | $ |
| Collision | $ |
| Towing And Labor | $ |

## ITEM SEVEN
### Schedule For Gross Receipts Or Mileage Rating Basis (Cont'd)

When gross receipts or mileage is used as a premium basis:

### FOR MOTOR CARRIERS

Gross receipts means the total amount earned by the named insured for shipping or transporting property regardless of whether you or any other carrier originate the shipment or transportation. Gross receipts includes the total amount received from renting equipment, with or without drivers, to any person or organization not engaged in the business of transporting property for hire by "auto" and 15% of the total amount received from renting any equipment with or without drivers, to any person or organization engaged in the business of transporting property for hire by "auto". Gross receipts does not include:

1. Amounts you paid to air, sea or land carriers operating under their own permits.
2. Advertising Revenue.
3. Taxes collected as a separate item and paid directly to the government.
4. C.O.D. collections for cost of mail or merchandise including collection fees.
5. Warehouse storage fees.

### FOR PUBLIC AUTOS

Gross receipts means the total amount earned by the named insured for transporting passengers, mail and merchandise.

Gross receipts does not include:

1. Amounts you paid to air, sea or land carriers operating under their own permits.
2. Advertising Revenue.
3. Taxes collected as a separate item and paid directly to the government.
4. C.O.D. collections for cost of mail or merchandise including collection fees.

Mileage means the total live and dead mileage of all revenue producing "autos" operated during the policy period.

### FOR RENTAL OR LEASING CONCERNS

Gross receipts means the total amount earned by the named insured for the leasing or renting of "autos" to others without drivers.

Mileage means the total live and dead mileage of all "autos" you leased or rented to others without drivers.

© Insurance Services Office, Inc., 2011
CA DS 21 10 13

# EXHIBIT

## "6"

# N E W S   R E L E A S E
## B U R E A U   O F   L A B O R   S T A T I S T I C S
### U. S.   D E P A R T M E N T   O F   L A B O R




**For Release: Friday, June 30, 2017**

**17-821-ATL**

SOUTHEAST INFORMATION OFFICE: Atlanta, Ga.
Technical information:   (404) 893-4222   BLSInfoAtlanta@bls.gov   www.bls.gov/regions/southeast
Media contact:   (404) 893-4220

## Occupational Employment and Wages for Driver/Sales Workers and Truck Drivers in Alabama's Metropolitan Areas – May 2016

Among the 13 metropolitan areas located entirely or partially in Alabama, 5 had annual wages that were significantly higher than the national average for driver/sales workers. Ten areas had below-average wages for heavy and tractor-trailer truck drivers, and eight areas had below-average wages for light truck or delivery services drivers, the U.S. Bureau of Labor Statistics reported today. Regional Commissioner Janet S. Rankin noted that driver/sales workers was the only occupation of the three selected that had measurably higher wages than their respective national average. Nationwide, the average (mean) wage for driver/sales workers was $28,440; for heavy and tractor-trailer truck drivers, $43,590; and for light truck or delivery services drivers, $34,790. (See table A. For comprehensive definitions of metropolitan areas in Alabama, please see Technical Note.)

**Table A. Average (mean) annual wages for driver/sales workers and truck drivers in the United States, Alabama, and metropolitan areas in Alabama, May 2016**

| Area | Driver/Sales Workers | Heavy and Tractor-Trailer Truck Drivers | Light Truck or Delivery Services Drivers |
|---|---|---|---|
| United States | $28,440 | $43,590 | $34,790 |
| Alabama | 31,280* | 39,050* | 29,600* |
| Anniston-Oxford-Jacksonville | 27,670 | 35,250* | 26,140* |
| Auburn-Opelika | 33,270* | 39,000* | 36,010 |
| Birmingham-Hoover | 33,080* | 40,580* | 29,030* |
| Columbus | 19,900* | 44,490 | 29,640* |
| Daphne-Fairhope-Foley | 23,000* | 41,720 | 33,260 |
| Decatur | 26,690 | 36,400* | 30,360 |
| Dothan | 35,420* | 39,950 | 31,080 |
| Florence-Muscle Shoals | 30,680 | 33,360* | 30,590* |
| Gadsden | 29,660 | 39,900* | 37,640 |
| Huntsville | 41,210* | 40,740* | 31,470* |
| Mobile | 33,490 | 41,710* | 30,700* |
| Montgomery | 38,050* | 39,940* | 30,200* |
| Tuscaloosa | 26,600 | 35,920* | 28,750* |

Note: An asterisk indicates that the mean annual wage for this area is significantly different from the national average of all areas at the 90-percent confidence level.

Of the 13 metropolitan areas located entirely or partially in the state, the Birmingham-Hoover area had the largest numbers of driver/sales workers, heavy and tractor-trailer truck drivers, and light truck or delivery services drivers, with employment of 13,890 in the three selected occupations combined. Employment in these three occupations combined was less than 4,400 in each of the remaining metropolitan areas in Alabama. (See table B.)

**Table B. Employment of driver/sales workers and truck drivers in the United States, Alabama, and metropolitan areas in Alabama, May 2016**

| Area | Driver/Sales Workers | Heavy and Tractor-Trailer Truck Drivers | Light Truck or Delivery Services Drivers |
|------|------|------|------|
| United States | 426,310 | 1,704,520 | 858,710 |
| Alabama | 5,770 | 31,890 | 11,600 |
| Anniston-Oxford-Jacksonville | 140 | 530 | 280 |
| Auburn-Opelika | 80 | 680 | 210 |
| Birmingham-Hoover | 1,390 | 8,810 | 3,690 |
| Columbus | (1) | 720 | 710 |
| Daphne-Fairhope-Foley | 220 | 700 | 300 |
| Decatur | 320 | 1,080 | 260 |
| Dothan | 240 | 1,200 | 570 |
| Florence-Muscle Shoals | 220 | 640 | 390 |
| Gadsden | 110 | 480 | 160 |
| Huntsville | 330 | 1,800 | 960 |
| Mobile | 450 | 2,720 | 1,220 |
| Montgomery | 290 | 1,680 | 1,420 |
| Tuscaloosa | 600 | 1,450 | 480 |

Footnotes:
(1) Data not available.

Location quotients (LQs) allow us to explore the occupational make-up of a metropolitan area by comparing the composition of jobs in an area relative to the national average. For example, a location quotient of 2.0 indicates that an occupation accounts for twice the share of employment in the area than it does nationally.

Three metropolitan areas in Alabama had above-average concentrations of employment for the three selected occupations. In the Decatur and Tuscaloosa areas, driver/sales workers were employed at 2.0 times the national rate. Heavy and tractor-trailer truck drivers were employed at 1.8 times the national rate in Dothan, and 1.7 times the U.S. average in Decatur. Dothan had a LQ of 1.7 for light truck or delivery services drivers. (See table C.)

**Table C. Location quotients of driver/sales workers and truck drivers in the United States, Alabama, and metropolitan areas in Alabama, May 2016**

| Area | Driver/Sales Workers | Heavy and Tractor-Trailer Truck Drivers | Light Truck or Delivery Services Drivers |
|------|------|------|------|
| United States | 1.0 | 1.0 | 1.0 |
| Alabama | 1.0 | 1.4 | 1.0 |
| Anniston-Oxford-Jacksonville | 1.1 | 1.1 | 1.1 |
| Auburn-Opelika | 0.5 | 1.0 | 0.6 |
| Birmingham-Hoover | 0.9 | 1.4 | 1.2 |
| Columbus | (1) | 0.5 | 1.0 |
| Daphne-Fairhope-Foley | 1.0 | 0.8 | 0.7 |
| Decatur | 2.0 | 1.7 | 0.8 |
| Dothan | 1.4 | 1.8 | 1.7 |
| Florence-Muscle Shoals | 1.4 | 1.0 | 1.2 |

Note: See footnotes at end of table.

2

**Table C. Location quotients of driver/sales workers and truck drivers in the United States, Alabama, and metropolitan areas in Alabama, May 2016 - Continued**

| Area | Driver/Sales Workers | Heavy and Tractor-Trailer Truck Drivers | Light Truck or Delivery Services Drivers |
|---|---|---|---|
| Gadsden | 1.0 | 1.1 | 0.7 |
| Huntsville | 0.5 | 0.7 | 0.7 |
| Mobile | 0.9 | 1.3 | 1.2 |
| Montgomery | 0.6 | 0.8 | 1.4 |
| Tuscaloosa | 2.0 | 1.2 | 0.8 |

Footnotes:
(1) Data not available.

## Wages for driver/sales workers in metropolitan areas in Alabama

Five metropolitan areas had wages significantly higher than the U.S. average of $28,440 for driver/sales workers: Huntsville ($41,210), Montgomery ($38,050), Dothan ($35,420), Auburn-Opelika ($33,270), and Birmingham-Hoover ($33,080). Two localities—Columbus and Daphne-Fairhope-Foley—had wages that were measurably below the national average.

## Wages for heavy and tractor-trailer truck drivers in metropolitan areas in Alabama

Wages were significantly below the national average of $43,590 for heavy and tractor-trailer truck drivers in 10 of the 13 areas in Alabama, including Florence-Muscle Shoals ($33,360), Anniston-Oxford-Jacksonville ($35,250), and Tuscaloosa ($35,920). Wages in three areas—Columbus, Daphne-Fairhope-Foley, and Dothan—were not measurably different from the national average.

## Wages for light truck or delivery services drivers in metropolitan areas in Alabama

Eight metropolitan areas earned wages significantly lower than the national average of $34,790 for light truck or delivery services drivers. Anniston-Oxford-Jacksonville ($26,140), Tuscaloosa ($28,750), Birmingham-Hoover ($29,030), and Columbus ($29,640) were among the lower-paying areas. Light truck or delivery services drivers in five areas in Alabama earned wages that were not measurably different from the national average.

These statistics are from the Occupational Employment Statistics (OES) survey, a federal-state cooperative program between BLS and State Workforce Agencies, in this case, the Alabama Department of Labor.

### Note on Occupational Employment Statistics Data

A value that is statistically different from another does not necessarily mean that the difference has economic or practical significance. Statistical significance is concerned with the ability to make confident statements about a universe based on a sample. It is entirely possible that a large difference between two values is not significantly different statistically, while a small difference is, since both the size and heterogeneity of the sample affect the relative error of the data being tested.

## Technical Note

The Occupational Employment Statistics (OES) survey is a semiannual mail survey measuring occupational employment and wage rates for wage and salary workers in nonfarm establishments in the United States. The OES data available from BLS include cross-industry occupational employment and wage estimates for the nation; over 650 areas, including states and the District of Columbia, metropolitan statistical areas (MSAs), metropolitan divisions, nonmetropolitan areas, and territories; national industry-specific estimates at the NAICS sector, 3-, 4-, and selected 5- and 6-digit industry levels, and national estimates by ownership across all industries and for schools and hospitals. OES data are available at www.bls.gov/oes/tables.htm.

OES estimates are constructed from a sample of about 1.2 million establishments. Each year, two semiannual panels of approximately 200,000 sampled establishments are contacted, one panel in May and the other in November. Responses are obtained by mail, Internet or other electronic means, email, telephone, or personal visit. The May 2016 estimates are based on responses from six semiannual panels collected over a 3-year period: May 2016, November 2015, May 2015, November 2014, May 2014, and November 2013. The overall national response rate for the six panels, based on the 50 states and the District of Columbia, is 73 percent based on establishments and 69 percent based on weighted sampled employment. The unweighted employment of sampled establishments across all six semiannual panels represents approximately 58 percent of total national employment. For more information about OES concepts and methodology, go to www.bls.gov/oes/current/oes_tec.htm.

The May 2016 OES estimates are based on the 2010 Standard Occupational Classification (SOC) system and the 2012 North American Industry Classification System (NAICS). Information about the 2010 SOC is available on the BLS website at www.bls.gov/soc and information about the 2012 NAICS is available at www.bls.gov/bls/naics.htm.

### Metropolitan area definitions

The substate area data published in this release reflect the standards and definitions established by the U.S. Office of Management and Budget.

- **Anniston-Oxford-Jacksonville, Ala. Metropolitan Statistical Area (MSA)** includes Calhoun County in Alabama.
- **Auburn-Opelika, Ala. MSA** includes Lee County in Alabama.
- **Birmingham-Hoover, Ala. MSA** includes Bibb, Blount, Chilton, Jefferson, Shelby, St. Clair, and Walker Counties in Alabama.
- **Columbus, Ga.-Ala. MSA** includes Chattahoochee, Harris, Marion, and Muscogee Counties in Georgia; Russell County in Alabama.
- **Daphne-Fairhope-Foley, Ala. MSA** includes Baldwin County in Alabama.
- **Decatur, Ala. MSA** includes Lawrence and Morgan Counties in Alabama.
- **Dothan, Ala. MSA** includes Geneva, Henry, and Houston Counties in Alabama.
- **Florence-Muscle Shoals, Ala. MSA** includes Colbert and Lauderdale Counties in Alabama.
- **Gadsden, Ala. MSA** includes Etowah County in Alabama.
- **Huntsville, Ala. MSA** includes Limestone and Madison Counties in Alabama.
- **Mobile, Ala. MSA** includes Mobile County in Alabama.
- **Montgomery, Ala. MSA** includes Autauga, Elmore, Lowndes, and Montgomery Counties in Alabama.
- **Tuscaloosa, Ala. MSA** includes Hale, Pickens, and Tuscaloosa Counties in Alabama.

### Additional information

Information in this release will be made available to sensory impaired individuals upon request. Voice phone: 202-691-5200; Federal Relay Service: 800-877-8339.